IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KATHI A. TAYLOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:06-cv-1055-WC |
| | ) [wo] |
| MICHAEL ASTRUE, | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Following administrative denial of her applications for disability insurance benefits income under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401 *et seq.*, and supplemental security income benefits under Title XVI of the Act, 42 U.S.C. §§ 1381 *et seq.*, Kathi A. Taylor ("Taylor") received a requested hearing before an administrative law judge ("ALJ"), who rendered an unfavorable decision. When the Appeals Council rejected review, the ALJ's decision became the final decision of the Commissioner of the Social Security Administration ("Commissioner"). Judicial review proceeds pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3), and 28 U.S.C. § 636(c), and for reasons herein explained, the Court REVERSES AND REMANDS the Commissioner's decision for further proceedings consistent with this opinion.

**I.   STANDARD OF REVIEW**

Judicial review of the Commissioner's decision to deny benefits is limited. The Court

cannot conduct a *de novo* review or substitute its own judgment for that of the Commissioner. *Walden v. Schweiker*, 672 F.2d 835 (11th Cir. 1982). This Court must find the Commissioner's decision conclusive "if it is supported by substantial evidence and the correct legal standards were applied." *Kelley v. Apfel*, 185 F. 3d 1211, 1213 (11th Cir. 1999) (citing *Graham v. Apfel*, 129 F. 3d 1420, 1422 (11th Cir. 1997)).

Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

If the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the court would have reached a contrary result as finder of fact, and even if the court finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n. 3 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560.

The district court will reverse a Commissioner's decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't of Health and Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

## II.  ADMINISTRATIVE FINDINGS

Taylor, age 46 at the time of the hearing, has a high school education, and has not acquired any skills that are transferable to other jobs within her residual functional capacity. She has not performed substantial gainful activity since April 30, 2001.  The ALJ found that Taylor suffers from chronic obstructive pulmonary disease, depression, and residuals of right calcaneal fractures, which he found to be "severe" as defined by the Code of Federal Regulations.  The ALJ determined that Taylor's impairments do not meet or are not medically equal to the requirements of and impairment in 20 C.F.R. Part 404, Appendix 1 to Subpart P.  The ALJ found that Taylor's claims regarding her limitations were not totally credible.  Further, the ALJ held that Taylor retained "the functional capacity to perform sedentary work in an air-conditioned environment that does not involve concentrated exposure to dust, fumes, or hazards and can be done by an individual who has mild-to-moderate deficiencies of concentration." (R. 23) The ALJ found that while Taylor's limitations do not allow her to perform the full range of sedentary work, there are a significant number of jobs in the national economy that she could perform.  Accordingly, the ALJ concluded that Taylor was not disabled.

## III.  ISSUES

Taylor specifies five issues for this judicial review:

1. Whether the Commissioner's decision should be reversed, because the ALJ failed to state with particularity the weight he assigned the medical opinions given by Drs. Atchley and Arnold.

2. Whether the Commissioner's decision should be reversed, because the ALJ did not comply with Social Security Ruling 96-8p in assessing Ms. Taylor's residual functional capacity.

3. Whether the Commissioner's decision should be reversed, and an award of benefits should be entered due to absenteeism caused by the combination of Ms. Taylor's physical and mental impairments.

4. Whether the Commisioner's decision should be reversed, because the ALJ committed reversible error in failing to provide specific rationale for rejecting Ms. Taylor's testimony, as required by Social Security Ruling 96-7p.

5. Whether the Commisioner's decision should be reversed, because Ms. Taylor was not presented with a full and accurate transcript of the entire record of proceedings relating to her case.

## IV. DISCUSSION

**A.  The ALJ failed to specify with particularity the weight he assigned the opinions of the treating and examining physicians.**

Taylor argues the ALJ failed to state with particularity the weight he assigned the medical opinions given by Drs. Atchley and Arnold. The Commissioner concedes this error stating: "Plaintiff correctly notes that the ALJ did not specify the weight given to [Dr. Atchley and Dr. Arnold's] opinions." (Doc. #16 at 4)  The Commissioner then argues that because "the record as a whole supports the ALJ's determination . . . his failure to discuss the reasons for discrediting these opinions is harmless error." *Id*.

When assessing medical evidence, an "ALJ [is] required to state with particularity the weight [given] the different medical opinions and the reasons therefor." *Sharfarz v. Bowen,* 825 F.2d 278, 279 (11th Cir. 1987) (per curiam).  Social security regulations require an ALJ evaluating medical opinion evidence to consider a variety of factors, including the examining

and treatment relationships, the specialization of the person giving the opinion, and how well the record supports the opinion in question. *See* 20 C.F.R. § 404.1527(d)(1)-(6).

The ALJ made specific findings related to Taylor's residual functional capacity stating that: "claimant retains the residual functional capacity to occasionally lift and carry 10 pounds, sit for 6 hours, and stand/walk for 2 hours in an 8-hour period." (R. 22)  This finding would appear to be at odds with Dr. Atchley's finding that Taylor would have a "significant amount of difficulty walking, lifting, and carrying due to her respiratory problems" (R. 20) and Dr. Arnold's opinion that Taylor is unable to work more than two hours per day (R. 21).  Thus, in order to find that Taylor actually possessed the "capacity to occasionally lift and carry 10 pounds, sit for 6 hours, and stand/walk for 2 hours in an 8-hour period" the ALJ was required to specify the weight given the opinions and findings made by both doctors. 20 C.F.R. § 404.1527(d)(1)-(2); *Sharfarz,* 825 F.2d at 279.  As stated *supra*, the Commissioner conceded the ALJ's failure to specify the weight given to each expert. (Doc. #16 at 4)

      **B.**      **The ALJ's error is not subject to harmless error review.**

The Commissioner than argues that despite the ALJ's failure to specify the weight given to the experts, the decision can be upheld based on a harmless error review.  Taylor argues that such error requires reversal.

When the ALJ's decision is supported by substancial evidence, even where a district court would have reached a contrary decision, the district court will affirm. *Edwards v.*

*Sullivan*, 937 F.2d 580, 584 n. 3 (11th Cir. 1991). Even mistaken findings of fact by an ALJ will not require reversal, where the error is harmless. *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983). However, where the ALJ found that Taylor possessed the "capacity to occasionally lift and carry 10 pounds, sit for 6 hours, and stand/walk for 2 hours in an 8-hour period," (R. 22) but failed to state with particularity the weight given to the contrary medical opinions of the treating and examining physicians, "his finding that appellant could return to his prior work was not supported by substantial evidence." *Sharfarz,* 825 F.2d at 279.

While "there is evidence in the record . . . that supports the ALJ's final decision, [because] the ALJ did not mention nor explain the weight given to either of [the treating and examining physicians'] opinions," the Court "cannot say the error was harmless without re-weighing the evidence." *Mills v. Astrue*, 226 Fed. Appx. 926, 931 (11th Cir. 2007). "To do so would call for conjecture that invades the province of the ALJ." *Id*. (*citing Moore v. Barnhart*, 405 F.3d 1208, 1214 (11th Cir. 2005) (per curiam) (remanding where the ALJ failed to consider certain factors and indicate their impact on his ultimate functional capacity conclusion); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546 (6th Cir. 2004) ("A court cannot excuse the denial of a mandatory procedural protection simply because, . . . there is sufficient evidence in the record for the ALJ to discount the treating source's opinion and, thus, a different outcome on remand is unlikely.")). Therefore, a harmless error analysis and a full review of the merits of Taylor's claims is inappropriate. The law of this Circuit requires that when the ALJ's decision appears in conflict with the opinions of the treating

and examining physicians, he must state with particularity the weight he assigns the opinions, and that requirement cannot be avoided through a harmless error analysis.

### V.  CONCLUSION

Pursuant to the findings and conclusions detailed in this *Memorandum Opinion*, the Court concludes the ALJ's non-disability determination is due to be remanded. It is, therefore, **ORDERED** that the decision of the Commissioner is **REVERSED AND REMANDED.** A separate judgment is entered herewith.

Done this 15th day of October, 2007.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE